# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MELISSA McGUIRE,**

**Plaintiff,**

**-vs-**                                    **Case No. 6:05-cv-1421-Orl-22KRS**

**THE RYLAND GROUP, INC.,**

**Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO ABATE LAWSUIT AGAINST THE RYLAND GROUP PURSUANT TO FLORIDA STATUTE §§ 558.001-558.005 (Doc. No. 3)** |
| **FILED:** | **September 27, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.    INTRODUCTION

Plaintiff Melissa McGuire purchased a home in the Avalon Park development in Orlando, Florida, in early 2004.  McGuire Aff. ¶ 1 (Doc. No. 12, Ex. 1).  McGuire entered into a contract with The Ryland Group Inc. (Ryland Group) regarding the construction of her home.  Doc. No. 3 at 1 n.1.

At some point during 2004, McGuire's home began experiencing significant water intrusion, mold and mildew.  McGuire Aff. ¶ 3.  After informal attempts to resolve the

problems were unsuccessful, McGuire, who was not then represented by counsel, sent an email dated September 28, 2004, to R. Chad Dreier, President and Chief Executive Officer of Ryland Group *Id.* ¶ 3 & Ex. A.[1]  The email complained of significant construction defects, including water intrusion, with accompanying mold and mildew growth, which in turn lead to respiratory problems for McGuire and her daughter.  She represented that the problems began before the 2004 hurricanes that hit central Florida, and she indicated that the remedial efforts taken to date had been inadequate.  The email also indicated a willingness to litigate.  *Id*.

On October 9, 2004, McGuire sent an email entitled "Ryland notice of impending legal actions" to Dreier's executive assistant, Heather Freed.  *Id.* ¶ 5 & ex. B. In this email, McGuire indicated that she, and potentially other homeowners, would sue unless remedial steps were taken.  *Id*.

On October 12, 2004, McGuire received an email response from Freed.  *Id.* ¶ 7 & ex. D.  Freed indicated that "Mr. Dreier is aware of the situation in Florida," and that he had assigned other individuals, including Freed and Keith Bass, Orlando Division President of Ryland Homes, to address her complaints.  *Id.*[2]

On several occasions, representatives of Ryland inspected McGuire's home. McGuire Aff. ¶ 8.  Bass also indicated in a letter dated November 11, 2004, that Ryland was continuing to investigate the cause of the problems.  *Id*. ¶ 9 & ex. E.  As of January

_____

[1]  Ryland Group does not dispute that Dreier holds these positions.

[2]  McGuire also outlined her complaints in a email to Bass dated October 10, 2004. McGuire Aff. ¶ 6 & ex. C.

5, 2005, Ryland Homes reported to the Better Business Bureau that it had taken some remedial action.  *Id.*¶ 11 & ex. 11.

Meanwhile, on November 22, 2004, McGuire filed suit in Florida state court against Ryland Homes of Florida Realty Corporation (Ryland Homes).  Doc. No. 1-3.  On April 15, 2005, McGuire filed an amended complaint that also named Ryland Group as a defendant.  Doc. No. 2.  On May 10, 2005, Ryland Group moved to abate the state court proceedings for noncompliance with Chapter 558, Florida Statutes.  Doc. No. 3.

On August 30, 2005, McGuire dismissed her claims against Ryland Homes.  Doc. No. 1-3.  Ryland Group removed the case to this Court based on diversity of citizenship jurisdiction on September 27, 2005.  Doc. No. 1.  When the case was removed, the motion to abate remained pending.  The motion has been referred to me for resolution.[3]

## II.    ANALYSIS.

The motion to abate is based on Florida Statute Chapter 558, which provides "an alternative method to resolve construction disputes that would reduce the need for litigation as well as protect the rights of homeowners."  Fla. Stat. § 558.001.  The statute provides that "[i]n actions brought alleging a construction defect, the claimant shall, at least 60 days before filing an action . . . serve written notice of claim . . . , which notice shall refer to this chapter."  Fla. Stat. § 558.004.  "If the construction defect claim arises from work performed under a contract, the written notice must be served on the person

---

[3] On January 6, 2006, Ryland Group moved for leave to file supplemental authority in support of its motion to abate.  It represented that on or about December 1, 2005, Ryland Group received a properly styled Chapter 558 Notice of Defect.  Doc. No. 22.  While the motion was granted, doc. no. 24, the notice has yet to be filed.

with whom the claimant contracted." Fla. Stat. § 558.004(1). Service is defined in the statute to mean "delivery by certified mail, return receipt requested, to the last known address of the addressee." Fla. Stat. § 558.002(8). Chapter 558 gives the recipient of a notice of claim forty-five days from the date of receiving the notice of claim to serve a written response on the claimant. Fla. Stat. § 558.004(5).

If the recipient of the notice of claim does not respond, offer to remedy the defect or to compromise and settle the claim, Chapter 558 permits the claimant to file an action without further notice. Fla. Stat. § 558.004(6). However, if a person files a judicial or arbitral action before complying with Chapter 558, the statute provides that "on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements." Fla. Stat. § 558.003.

Ryland Group contends that McGuire has not complied with either the service or presuit waiting period requirements of Chapter 558. McGuire submits that she has complied with the terms of the statute. Alternatively, she argues that Ryland Group's motion is untimely, or that the statute is unconstitutional. I will address only the issue of whether McGuire complied with the requirements of the statute, because I find that issue to be dispositive.

A.    *Adequacy of Service of the Notice of Claim.*

Ryland Group asserts that McGuire was required to send the notice of claim under Chapter 558 to it, because it was the corporation with whom McGuire entered into a contract.  It contends that McGuire erroneously directed her correspondence to Ryland Homes.  McGuire's affidavit and the supporting documents reflect, however, that McGuire sent emails describing the construction defects to Ryland Group, addressed to Dreier, the President and CEO of Ryland Group, and to Freed, Dreier's assistant.  Thus, Ryland Group's argument that McGuire's correspondence was sent to the wrong corporation fails based on the evidence before the Court.

Ryland Group next asserts that McGuire failed to serve her notice of claim in the manner required by the statute because the email did not refer to Chapter 558 as required by section 558.004(1).  Although Ryland Group does not contest the method of service, I note that the email correspondence also did not comply with the statutory requirement that service be made by certified mail, return receipt requested.  However, even though McGuire did not comply with the technical requirements for service of her notice, I conclude that this was harmless error because Ryland Group had actual notice of her claim.  In reaching this conclusion, I rely upon the analysis in *Patry v. Capps*,   633 So.2d 9 (Fla. 1994).

In *Patry*, the Florida Supreme Court considered the question of sufficiency of service of a presuit notice in the context of a medical malpractice claim.  The defendant in *Patry* moved to dismiss a medical malpractice suit because the plaintiffs had hand-delivered notice of intent to sue, rather than mailing the notice by certified mail, return

receipt requested, as required by the Florida statute setting forth the mandatory presuit notice requirements. *Id*. at 10-11.

In considering whether strict compliance with the presuit notice procedures was required, the Florida Supreme Court stated that while courts "must give effect to the plain and unambiguous language of a statute . . . it is equally clear that a literal interpretation is not required when such an interpretation would lead to an unreasonable or ridiculous conclusion . . . ." *Id*. (citing *Holly v. Auld*, 450 So.2d 217, 219 (Fla. 1984)).  The court also observed that "when possible[,] the presuit notice and screening statute should be construed in a manner that favors access to the courts." *Id*. at 13.

Accordingly, the court began by looking to the purpose of the legislation, which was to "facilitate the amicable resolution of medical malpractice claims . . . [and] promote the settlement of meritorious claims early in the controversy to avoid full adversarial proceedings." The court concluded that "[s]trict compliance with the mode of service provided in the statute is in no way essential to [these] legislative goal[s]." *Id*. at 11-12. Further, the court stated that "[i]t cannot be seriously argued that this goal is not accomplished where, as here, the defendant acknowledges timely receipt of written notice that results in no prejudice." *Id*. at 12.  Accordingly, the Court quashed the lower courts' decision dismissing the case for failure to comply with the presuit notice requirements.

Like the medical malpractice presuit notice statute in *Patry*, the goal of Chapter 558 is to facilitate amicable resolution of claims.  *See* Fla. Stat. § 558.001.  In the instant case, Ryland Group received actual notice of McGuire's complaints of construction

defects through her email correspondence to Dreier.  Freed acknowledged in a subsequent email to McGuire that while Dreier had tasked others with the responsibility to address her complaint, he was aware of the problems in Florida, where McGuire's home is located.

While the email correspondence did not refer to Chapter 558, it was adequate to inform Ryland Group in reasonable detail of the construction defects at issue and that she would institute litigation if the problems were not resolved.[4]  This accomplished the goal of Chapter 558 to provide "an alternative method to resolve construction disputes that would reduce the need for litigation."

Ryland Group has not offered evidence of any prejudice it suffered as a result of McGuire's failure to comply with the strict requirements of the statute.  Indeed, the email correspondence attached to McGuire's affidavit supports a finding that Ryland Group, through its delegation of complaint resolution issues to Ryland Homes, had a full and fair opportunity to inspect McGuire's home and conduct the investigation contemplated by Chapter 558 before she filed her lawsuit against Ryland Group.   On several occasions, representatives of a Ryland corporation inspected McGuire's home.  Bass also indicated in a letter dated November 11, 2004, that Ryland Homes was continuing to investigate the cause of the problems.

---

[4] Judge Cohen's order in *Albert v. Levitt and Sons LLC*, Case No. 05-CA-4106 (Oct. 10, 2005), relied upon by Ryland Group, is consistent with this conclusion.  In that case, Judge Cohen concluded that detailed letters describing alleged construction defects provided sufficient notice under Chapter 558.  *Id.*

Under these circumstances, I conclude that the Ryland Group had actual notice of the construction defects about which McGuire complained and that it was not prejudiced by McGuire's failure to provide notice of claim in the manner provided for in Chapter 558.

>	B.	*Presuit Waiting Period.*

Ryland Group argues, alternatively, that McGuire filed her lawsuit less than sixty days after she sent her initial email correspondence to Dreier. However, the record reflects that McGuire did not commence an action against Ryland Group until April 15, 2005, when she added Ryland Group as a party to the case in her Second Amended Complaint. Thus, the record establishes that more than sixty days expired between the date McGuire emailed her notice of claim to Ryland Group, September 28, 2004, and the date she filed an action against Ryland Group, April 15, 2005. Therefore, McGuire complied with the presuit waiting period requirement of Chapter 558.

## III.	CONCLUSION.

Because McGuire provided Ryland Group with effective and adequate notice of her claim and did not commence an action against Ryland Group until more than sixty days after serving notice of her claim, Chapter 558 does not require that McGuire's claims be abated.

**DONE** and **ORDERED** this 24th day of February, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party