# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MELISSA McGUIRE,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No.  6:05-cv-1421-Orl-22KRS**

**RYLAND GROUP, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT, THE RYLAND GROUP, INC.'S UNOPPOSED MOTION TO ENFORCE SUBPOENA DUCES TECUM AND TO COMPEL DOCUMENT PRODUCTION FROM THIRD-PARTY NON-LITIGANT, ALLSTATE FLORIDIAN INSURANCE COMPANY (Doc. No. 45)
>
> **FILED:** November 8, 2006

For the reasons stated on the record at the hearing held November 17, 2006, and based on the agreement of the parties, the motion is **GRANTED** in part.  Nonparty Allstate Floridian Insurance Company (Allstate) shall endeavor to produce the documents required under the subpoena by November 30, 2006.  To the extent that Allstate asserts that any of the responsive documents, or any portions thereof, are privileged or otherwise protected, it is further **ORDERED** that Allstate shall serve a privilege log on counsel for Defendant The Ryland Group, Inc., simultaneously with the

production of responsive documents listing each document or portion thereof withheld based on a claim of privilege or protection.

Any privilege log must identify each document or item of information withheld pursuant to a claim of privilege or protection, by date, speaker or author, recipients who heard or received copies of the information or document (including recipients of copies), specific privilege or protection claimed, and it shall describe the subject matter of each document or item of withheld information in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)). The privilege log should be sufficient on its face to establish a *prima facie* basis to support the assertion of each claimed privilege or protection.

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties